# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Hajji Y. McReynolds, | Case No. 23-cv-2708 (WMW/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Sheriff Dawanna S. Witt, | |
| Respondent. | |

Hajji Y. McReynolds, Petitioner, *pro se*

Sarah J. Vokes, Esq., Hennepin County Attorney's Office, C2000 Government Center, 300 South 6th Street, Minneapolis, MN 55487.

Petitioner Hajji Y. McReynolds challenges his Wisconsin state court convictions for three counts of solicitation of prostitution in violation of Wis. Stat. § 944.32 and three counts of felony bail jumping in violation of Wis. Stat. § 946.49(1)(b) as a repeat or habitual offender under Wis. Stat. § 939.62. *See* [ECF No. 1]; *see also State v. McReynolds*, Case Nos. 2007AP883-CR, 2007AP2289-CR, 2008 WL 2967238 (Wisc. Ct. App. Aug. 5, 2008), *pet. for review denied* 759 N.W.2d 771 (Wisc. Nov. 17, 2008), 759 N.W.2d 772 (Wisc. Nov. 17, 2008). His petition is currently before the Court for review pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts. Upon that review, this Court recommends that the petition be dismissed.

McReynolds asserts that on or about November 2, 2005, he was convicted on all six counts to a total term of 12 years—6 years in prison and 6 years supervision. [ECF No. 1].[1] McReynolds appealed his convictions, and the Wisconsin Court of Appeals affirmed.[2] *Id.* The Wisconsin Supreme Court declined further review. *Id.* At the time he filed this petition, McReynolds was in custody in Hennepin County, Minnesota.[3] [ECF No. 1].

In this habeas petition, McReynolds asserts three claims. First, McReynolds claims that on March 22, 2005, he was "kidnapped and human trafficked" by Detective Matthew Rokus when McReynolds was arrested and transported to the Eau Claire County Jail without his consent. [ECF No. 1]. Second, McReynolds claims that he was denied due process, "an impartial judge, conflict-free counsel, right of self-representation, [and] to be informed of the nature and cause of accusations." *Id.* Third, McReynolds asserts that he was denied a fair trial because a state witness testified to matters that the trial court had earlier deemed inadmissible. *Id.* McReynolds requests an order vacating his convictions and dismissing the matter "with prejudice." *Id.* There are several problems with McReynolds's petition.

---

[1] Although McReynolds claims he does not recall when he was sentenced on these charges, publicly accessible Wisconsin state court records show that he was found guilty of these charges on August 9, 2005, following a jury trial. *See State of Wisconsin v. McReynolds*, 2005cv215 (Wisc. Dist Ct.) (Wisc. Ct. Syst.), available at https://www.wicourts.gov/casesearch.htm (last visited Sept. 14, 2023). McReynolds was later sentenced on November 1, 2005. *Id. See also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

[2] McReynolds also filed a postconviction motion in district court alleging ineffective assistance of trial counsel, and then appealed the denial of that petition, as well. *McReynolds*, 2008 WL 2967238. The Wisconsin Court of Appeals consolidated the postconviction and direct appeals. *Id.*

[3] As of the date of this Report and Recommendation, McReynolds is in custody in Eau Claire County, Wisconsin. *See* Eau Claire County, Inmate Listing, https://www.eauclairecounty.gov/our-government/departments-and-facilities/department-directory/sheriff/security-services-division/inmate-listing (last accessed Sept. 13, 2023).

First, to be eligible for habeas relief, a petitioner must be "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). Although McReynolds is clearly incarcerated, he does not appear to be in custody as a result of the conviction being challenged in his habeas petition. Indeed, McReynolds concedes that he was convicted in November 2005 and subsequently sentenced to 6 years in prison and 6 years on supervised release years. [ECF No. 1]. Accordingly, he would have finished serving that sentence in November 2017, over five years ago. And "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Second, "[o]nce the convict's sentence has expired, . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). McReynolds, however, has not alleged any continuing injury following the expiration of his challenged conviction. McReynolds's petition, therefore, is moot.

That said, even if the petition were not moot (which it is), it would nevertheless fail for a more basic reason: timeliness. A 1-year limitations period applies to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). That limitations period runs from the latter of:

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The time during which a "properly filed application for State post-conviction or other collateral review" is pending does not count towards this 1-year limitation period. 28 U.S.C. § 2244(d)(2).

Here, publicly accessible court records show that the Wisconsin Supreme Court declined further review of his convictions on November 17, 2008. *See McReynolds*, 759 N.W.2d 771 (Wisc. Nov. 17, 2008); *McReynolds*, 759 N.W.2d 772 (Wisc. Nov. 17, 2008). Because McReynolds did not petition the Supreme Court of the United States for a writ of certiorari, the running of the statute of limitations imposed by § 2244(d)(1)(A) was triggered ninety days later—at the expiration of the time allotted for filing the writ. *See Jihad v. Hvass*, 267 F.3d 803, 504 (8th Cir. 2011) ("[T]he conclusion of direct review [for the purposes of § 2244(d)(1)(A)] includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari."). Pursuant to

Section 2244(d)(1)(A), therefore, the 1-year period to file a federal habeas petition began to run on February 17, 2009, well over a decade ago.

On the face of the petition, moreover, there is no basis to pick any later date to start the 1-year limitations period—McReynolds does not identify any impediment caused by the state that kept him from timely filing his petition, *see* 28 U.S.C. § 2244(d)(1)(B), he does not allege that the Supreme Court has recognized a new constitutional right applicable to his claims, *see* 28 U.S.C. § 2244(d)(1)(C), and he does not claim new evidence that he was not able to obtain through diligent efforts earlier, *see* 28 U.S.C. § 2244(d)(1)(D). McReynolds's petition, therefore, is also untimely, and should be dismissed on that basis, as well.[4]

Accordingly, this Court recommends that McReynolds's petition be dismissed without prejudice. The question is not a close one, and therefore it is further recommended that McReynolds not be issued a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

---

[4] This Court, moreover, has significant doubts that McReynolds first properly exhausted his state court remedies with respect to his claims before filing this federal habeas petition as required pursuant to 28 U.S.C. § 2254(b)(1). Whereas McReynolds notes in his habeas petition that he raised his claims on post-conviction, he asserts that he did so "inadequately." *See* Pet. at pp. 6 [ECF No. 1]. But even if even *one* claim presented in the habeas petition has not yet been exhausted in the state courts, then McReynolds cannot proceed with *any* of his claims for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (requiring that district courts dismiss "mixed" habeas petitions that present both exhausted and unexhausted claims for relief). In any event, because the petition is clearly untimely and likely moot, the Court need not also address the issue of whether McReynolds first properly exhausted all his claims in state court before filing this petition.

## RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS THAT**:

1. Petitioner Hajji Y. McReynolds's federal habeas petition [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE.**

3. No certificate of appealability be issued.

Dated: September __22__, 2023          _____*s/ Tony N. Leung*_____
                                                                Tony N. Leung
                                                                United States Magistrate Judge
                                                                District of Minnesota

                                                                *McReynolds v. Witt*
                                                                Case No. 23-cv-2708 (WMW/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).