UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Hajji Y. McReynolds, | Case No. 23-cv-2708 (WMW/TNL) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Sheriff Dawanna S. Witt, | |
| Respondent. | |

---

This matter is before the Court on the September 22, 2023 Report and Recommendation from United States Magistrate Judge Tony N. Leung ("R&R"). Petitioner Hajji Y. McReynolds filed objections to the R&R. For the reasons stated below, the Court overrules the objections, adopts the R&R, and dismisses the petition without prejudice.

## BACKGROUND

Petitioner Hajji Y. McReynolds filed this habeas petition on September 5, 2023, challenging his 2005 Wisconsin state court convictions for solicitation of prostitution and bail jumping. McReynolds was convicted on these charges in November 2005 and sentenced to 6 years imprisonment followed by 6 years supervised release.

McReynolds appealed his convictions, which the Wisconsin Court of Appeals affirmed in 2008. The Wisconsin Supreme Court denied further review that same year. McReynolds did not petition the Supreme Court of the United States for certiorari.

In his federal habeas petition, McReynolds raises three claims: (1) he was unlawfully arrested and trafficked; (2) he was denied various constitutional rights and due process; and (3) the state introduced improper witness testimony at trial. McReynolds requests that his convictions be vacated. When he filed his petition, McReynolds was in custody in Minnesota. However, public records reflect that McReynolds finished serving his 12-year Wisconsin sentence in November 2017.

This matter was referred to the magistrate judge for initial review under Rule 4 of the Rules Governing Section 2254 Cases. In the R&R, the magistrate judge recommends that McReynolds' petition be dismissed on procedural grounds without reaching the merits of his claims. McReynolds objects to the R&R.

## ANALYSIS

The Court reviews *de novo* the portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must "specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). An objection that restates arguments made to and considered by the magistrate judge is reviewed for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. 2015). In the absence of specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because McReynolds is self-

represented, the Court liberally interprets McReynolds' objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

McReynolds does not identify the portion of the R&R to which he objects. Instead, McReynolds repeats the arguments that were presented to the magistrate judge. Because McReynolds' objection lacks specificity, the Court reviews the R&R for clear error. *Grinder*, 73 F.3d at 795. McReynolds has completed serving the 12-year sentence that he is contesting, and therefore may no longer be "in custody" under that conviction as required for habeas relief. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Now that McReynolds has finished his sentence, there is not an active case or controversy for the Court to adjudicate. For these reasons, McReynolds' petition is moot.

Even if it were not moot, the petition is untimely under the one-year statute of limitations period for habeas claims. *See* 28 U.S.C. § 2244(d)(1). That limitations period expired in 2010, which was more than a decade before McReynolds filed the instant petition. Because McReynolds has not shown any grounds for equitable tolling that would apply, the petition is time-barred.

The Court reviews for clear error those parts of the R&R to which neither party objects. *See Grinder*, 73 F.3d at 795; *see also* Fed. R. Civ. P. 72(b) advisory committee's note (stating that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"). Having carefully performed this review, the Court finds no clear error and adopts the portions of the R&R to which neither party objected. Because McReynolds' petition fails to state a cognizable, exhausted federal claim, the Court dismisses the claim and will not

issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Hajji Y. McReynolds' objections to the September 22, 2023 Report and Recommendation, (Dkts. 11, 12), are **OVERRULED**;

2. The September 22, 2023 Report and Recommendation, (Dkt. 6), is **ADOPTED**; and

3. Petitioner Hajji Y. McReynolds' petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 2, 2023  s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge